UNITED STATES DISTRICT COURT
for the
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) |
| | )  Case No. 8:23-749 |
| Johnathan Christopher McCaslan, | ) |
| | ) |
| Defendant, | ) |
| | ) |

### SOUTH CAROLINA DEPARTMENT OF LABOR, LICENSING AND REGULATION'S MOTION TO QUASH SUBPOENA

TO:   ANDREW B. MOORMAN, ATTORNEY FOR DEFENDANT

YOU WILL PLEASE TAKE NOTICE that the South Carolina Department of Labor, Licensing and Regulation (Department), by and through the undersigned attorney, hereby moves for an order quashing the subpoena, dated July 16, 2024, which was emailed to the Department in the above-styled and numbered case by counsel for Respondent. The subpoena seeks "All documents, communications, correspondence, recordings, and other materials related to the nursing licensure of Kimberly Anne McCaslan (DOB XX/XX/XXXX) received by LLR and/or generated by LLR beginning in 2020 to the present day, including but not limited to application(s) for nursing licensure and investigations done by LLR." (Exhibit 1).

The Department can produce information that is non-confidential related to Kimberly Anne McCaslan's application for nursing licensure, but cannot, by law, release information related to investigations, if any, for the reasons set forth below.

STANDARD

Decisions regarding the quashing of a subpoena *duces tecum*, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, are at the trial court's discretion. *United*

*States v. Hughes*, 895 F.2d 1135, 1145 (6th Cir. 1990). The court may quash or modify a subpoena under Rule 17, of the Federal Rules of Criminal Procedure if compliance would be unreasonable or oppressive. The Supreme Court has clarified the meaning of this standard in *United States v. Nixon*, 418 U.S. 683, 700 (1974), holding that a subpoena *duces tecum* is not "unreasonable or oppressive" if the proponent establishes relevancy, admissibility, and specificity. See *id*. at 700.

1.  <u>The matter sought by the subpoena is not relevant, admissible or specific.</u>

The information sought by this subpoena is not relevant, admissible or specific to the case pending before this Court. As to relevancy, the subject matter of any investigative file created by the Department will necessarily relate to the conduct of a licensee. Here, the licensee, Kimberly Ann McCaslan, is a nurse, therefore any existing investigative file would be related to nurse licensure. The Defendant in this case is neither the subject of the subpoena nor the licensee at issue in a nurse licensure investigation. Therefore, it is not relevant to a criminal matter pending against the Defendant.

Furthermore, the indictment against the Defendant, filed on or about July 9, 2024, describes the matter before the Court as the intent to harass and intimidate a person using the mail or any other facility of interstate and foreign commerce to engage in a course of conduct that caused or could reasonably be expected to cause substantial emotional distress. The indictment further describes the contents of a letter containing a threat, and an envelope containing a powdery substance being mailed to the address of 318 Rice Street in Calhoun Falls. South Carolina. Again, there is no reference to conduct related to licensure in this description.

Moreover, the request is for "investigations done by LLR." There is no specific document named in the subpoena; just a general demand for a file. The "specificity and

relevance elements require more than the title of a document and conjecture as to its contents." *United States v. Hardy*, 224 F.3d 752,754 (8th Cir.2000) (quoting *United States v. Arditti*, 955 F.2d 331, 346 (5th Cir.), *cert. denied*, 506 U.S. 998, 113 S.Ct. 597, 121 L.Ed.2d 534 (1992)). When a request fails "the specificity hurdle," it will "invariably include matters that are not admissible, and amount to a general discovery device." The subpoena is "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698; *see also United States v. Cartagena-Albaladejo*, 299 F.Supp.3d 378, 382 (D.P.R. 2018) ("Courts invariably define Rule 17 in the negative: subpoenas are not discovery devices or investigatory tools.").

Additionally, a party seeking to enforce a subpoena issued under Rule 17(c) must demonstrate "a sufficient likelihood" that the documents or information sought are "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700; *see also United States v. Mason*, 2008 WL 1909115, at *1 (D. Or. Apr. 25, 2008) (quoting *Nixon*, 418 U.S. at 700) (restating the standard as requiring the party to demonstrate "a 'sufficient likelihood' that the documents sought are material to any issue in the case."). "Thus, a subpoena is limited to evidentiary materials, and courts will not allow general requests for categories of only arguably relevant documents that indicate the subpoena falls in the category of the much maligned 'fishing expedition.' " 2 Charles Alan Wright, Andrew J. Leipold, Peter J. Henning & Sarah N. Welling, *Federal Practice and Procedure* § 275 (4th ed. 2015). Further, "mere conclusory statements" of relevancy are insufficient to satisfy the Nixon requirement. *Eden*, 659 F.2d at 1381.

Again, as noted above, the allegations of the indictment relate to the mailing of a powdery white substance and a threatening letter by the Defendant. These allegations are not related to the subject of the subpoena or any matter related to her licensure. The party

seeking to enforce a subpoena issued under Rule 17(c) also must make "a sufficient preliminary showing that each of the subpoenaed [materials] contains evidence admissible with respect to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. A district court "must seek to predict whether the materials will be admissible as evidence based on the best information before the court at the time the subpoena is evaluated." Robert M. Cary, Craig D. Singer & Simon A. Latcovich, *Federal Criminal Discovery* 227 (ABA Criminal Justice Section 2011); *see also id*. at 228 (footnote omitted) ("the 'admissibility' requirement obliges the proponent of a subpoena to articulate what admissible evidence the subpoena is likely to produce").

At best, the subject of the subpoena may be a witness in this case, but use of materials contained in the Department's investigative file as evidence to impeach a witness would not be a sufficient basis for requiring the Department to release them. "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701. For example, in *United States v. Fields*, 663 F.2d 880 (9th Cir. 1981), the Ninth Circuit reversed the district court's order denying a third-party bank's motion to quash a Rule 17(c) subpoena because the "only evidentiary use that defendants have been able to advance is that the statements and transcribed interviews of witnesses could be used for impeachment purposes." *Id.* at 881. The Ninth Circuit, relying on *Nixon*, stated that such "use is generally insufficient to justify the pretrial production of documents, and held that "requiring [the bank] to produce the documents before any witnesses had testified was an abuse of discretion." *Id. See also United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980)) ("Although material usable for impeachment is evidentiary, and within Rule 17(c), it does not become

evidentiary until the witness has testified at trial. Thus, prior inconsistent statements of a witness are not subject to production and inspection prior to trial ....").

Some jurisdictions considering these type of cases have held that requesting entire files instead of specific documents indicates a fishing expedition. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). In *Reed*, the Ninth Circuit upheld the district court's decision to quash a Rule 17(c) subpoena for the city's arson files in part because the appellants "did not request specific documents, but sought entire arson investigation files." 726 F.2d at 577. The Ninth Circuit explained that "Rule 17(c) was not intended as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence.'" *Id.*

Similarly, in *United States v. Venecia*, 1997 WL 325328, at *1 (D. Or. May 16, 1997), the court refused to reauthorize a Rule 17(c) subpoena directed to the Klickitat County District Attorney and quashed a Rule 17(c) subpoena directed to the Washington State Patrol because they failed the specificity requirement. 1997 WL 325328 at *3. The subpoena served on the district attorney sought the "[c]omplete file and all log notes and work product" from the defendant's case. Id. (alteration in original) (quotation marks omitted). The subpoena served on the Washington State Patrol also sought the defendant's complete case file as well as all accompanying case notes. Id. The court found that the "subpoenas do not refer to specific documents or specific kinds of documents," and thus did "not meet the requirements of Rule 17(c)." *Id*.

2. Matters contained in investigative files of the Board of Nursing are confidential as a matter of state law.

The matters contained in all investigative files of the Department's Board of Nursing are confidential as a matter of law. The subpoena contravenes S.C. Code Ann. § 40-33-190(A) which prohibits a person connected with any complaint, investigation, or other

proceeding before the South Carolina Board of Nursing from mentioning the existence of a complaint, investigation, or other proceeding, disclosing any information pertaining to the complaint, investigation or other proceeding, or discussing any testimony or other evidence in the complaint, investigation or proceeding, except to the extent necessary for the proper disposition of the complaint, investigation or other proceeding before the Board of Nursing. The subpoena further contravenes S.C. Code Ann. § 40-33-190(C) which provides that information declared confidential or personal in the Nurse Practice Act or other applicable law must not be disclosed except to the extent necessary to dispose of the case before the Board of Nursing and is protected in the same manner as is provided in S. C. Code Section 40-71-20. Additionally, the subpoena contravenes S.C. Code Ann. § 40-71-20 which provides that all proceedings of and all data and information acquired by a professional society in the exercise of its duties are confidential unless the respondent, in which case would be the nurse under peer review, requests in writing that they be made public. The section further provides that once a claim of confidentiality over documents is made, the documents should be filed under seal with the circuit court having jurisdiction over the pending action and are subject to judicial review by the circuit court judge. Finally, the subpoena contravenes S.C. Code Ann. § 40-33-190(D) which provides that the identity of an initial complainant and any confidential informants or other witnesses who do not testify must not be disclosed to other parties, entities, or persons, and all information contained in confidential investigative files is privileged from disclosure for any reason whatsoever, except when the Department receives information indicating a violation of state or federal law, at which time the Department may release such information to the appropriate state or federal law enforcement or regulatory body.

In *United States v. Fernandes*, 115 F. Supp. 3d 375, 379 (W.D.N.Y. 2015), the district court addressed subpoenaing documents under Rule 17, FRCrimP, when the documents sought are confidential via state law. In that case, the documents sought were presentencing investigation reports (PSI). The reports were maintained by the County of Steuben in New York and are confidential under New York State law. That statute provided that PSI's are "confidential and may not be made available to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court." N.Y.Crim. P. Law § 390.50(1). In quashing the subpoena, the court stated:

> First, the PSI's are generated pursuant to state law and, based upon the authority discussed above, are considered confidential, not generally discoverable for purposes of collateral proceedings, and may only be disclosed by the sentencing court for which the PSI was prepared. In other words, the PSI's plainly would not be available to Defendant if he was being prosecuted in state court. While this Court has not seen any case law addressing whether a federal court may order the production of these PSI's in advance of a federal criminal trial notwithstanding the contrary provisions under state law, it is against this backdrop of confidentiality and limited disclosure that the Court must evaluate Defendant's request. In other words, even if this Court were to determine that it has the authority to order the disclosure of the PSI's, it must at least consider New York's policy restricting the disclosure of these state-law-generated documents. *See King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y.1988) (judges need not ignore state privacy rules, as "[s]tate rules may illustrate important privacy interests...."); *Haus v. City of N.Y.*, No. 03 Civ. 4915(RWS)(MHD), 2006 WL 3375395, at *2, (S.D.N.Y. Nov. 17, 2006) (in civil rights case, where plaintiffs sought to unseal data worksheets of district attorney which were protected by the state sealing statute, stating that "federal courts should, in the spirit of comity, take into consideration the policy interests embodied in state privileges and related state laws limiting disclosure of confidential materials, at least to the extent that they can be reconciled with federal policy interests...."); *Rossney v. Travis*, No. 00 Civ. 4562(JGK), 2003 WL 135692, at *12 (S.D.N.Y. Jan. 17, 2003) (where habeas corpus petitioner sought disclosure of his institutional file, including a presentence investigation report, holding that "[i]t would be particularly inappropriate for this Court to order disclosure of the in camera materials as to which the petitioner seeks disclosure.... [T]here are careful regulations and procedures governing access to pre-sentence reports and to materials used by the Division of Parole."), aff'd, 93 Fed.Appx. 285 (2d Cir.2004).

*United States v. Fernandes*, 115 F. Supp. 3d 375, 379 (W.D.N.Y. 2015).

Requiring the Department to release confidential investigative files that are not related to the licensure of the Defendant or the allegations in the indictment would violate the State's policy against disclosure of such matters.

3. <u>Matters contained in investigative files are otherwise confidential.</u>

Matters contained in investigative files may include matters protected by Federal law, such as medical records, mental health records, or substance use treatment records. The Department makes no assertion as to the existence of any such records relating to this subpoena. However, due to the breadth of this subpoena and its lack of specificity, the Department is required to raise to the Court any potential document and objection to production of the same in this motion or risk waiving the objection. Therefore, should there be any records described above, those would be subject to the confidentiality provisions of Section 543 of the Federal Public Health Services Act, 42 U.S.C. § 290dd-2, and its implementing regulations, 42 C.F.R. Part 2, and the Health Information Portability and Accountability Act [HIPAA] of 1996, Pub. L. No. 104-191, among other laws.

4. <u>Matters contained in investigative files contain privileged information.</u>

Every investigative file generated by the Department contains correspondence protected by the attorney client privilege, to include but not be limited to correspondence with legal counsel.  Investigative files also include information protected by the attorney work product privilege, to include but not be limited to a litigation summary analyzing the case pending before the Board.  Independent of any decision on the aforementioned matters, these documents should be shielded from release pursuant to common law privileges.

In conclusion, the Department respectfully moves that the Court grant its motion to quash the subpoena in this matter.

Respectfully submitted,

s/Holly Palmer Beeson
Holly Palmer Beeson
Federal ID No. 7603
Counsel to the Office of Communications
and Government Affairs
S.C. Department of Labor, Licensing &
Regulation
110 Centerview Drive
Post Office Box 11329
Columbia, South Carolina 29211-1329
O: (803) 896-5216
C: (803) 331-7688

July 26, 2024
Columbia, South Carolina