IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. No. 8:23-cr-00749-DCC-1 |
| | ) | |
| v. | ) | Court's Instructions |
| | ) | to the Jury |
| Johnathan McCaslan | ) | |
| | ) | |

## INSTRUCTION NO. 1

## INTRODUCTION

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions—what we call your deliberations. You will have a written copy of these instructions on the law with you in your jury room during your deliberations. You will also have access to all of the exhibits that were received into evidence.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

1

## INSTRUCTION NO. 2

## DUTY TO FOLLOW INSTRUCTIONS: PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

You must make your decision only on the basis of testimony and other evidence presented here during the trial, and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the government.

You must also follow the law as I explain it to you whether you agree with that law or not, and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The indictment, or formal charge, against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his or her innocence or produce any evidence at all.

A defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any other evidence because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the trial and never shifts to any defendant. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that a defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against a defendant who did not testify in any way in your deliberations in the jury room.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

2

## INSTRUCTION NO. 3

## REASONABLE DOUBT

The government must prove the defendant's guilt beyond a reasonable doubt and this burden remains with the government throughout the trial.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt concerning the defendant's guilt.

A reasonable doubt may arise not only from the evidence produced, but also from the lack of evidence.

## INSTRUCTION NO. 4

### EVIDENCE

Evidence can come in many forms. It can be testimony about what the witness saw, heard, tasted, touched, or smelled, something that came to the witness's knowledge through his senses. Evidence can be an exhibit admitted into evidence. Evidence can be a person's opinion. Some evidence proves a fact directly, such as testimony of a witness who saw a jet plane flying across the sky. Some evidence proves a fact indirectly, such as testimony of a witness who saw only the white trail that jet planes often leave. This indirect evidence is sometimes referred to as circumstantial evidence. In either instance, the witness's testimony is evidence that a jet plane flew across the sky.

Circumstantial evidence is evidence of facts and circumstances from which one may infer connected facts which reasonably follow in the common experience of mankind. Circumstantial evidence is evidence of a chain of facts and circumstances which logically lead the mind to a conclusion about a disputed fact or facts. Circumstantial evidence is treated no differently than direct evidence, and may be sufficient to support a verdict of guilty, even though it does not exclude every reasonable theory consistent with innocence.

The following are not evidence: arguments and statements by the lawyers, questions and objections by the lawyers, testimony that was stricken or that you have been instructed to disregard, comments or questions by me, and anything that you may have seen or heard when the court was not in session.

During the trial, items were received into evidence as exhibits. The exhibits will be sent into the jury room with you when you begin to deliberate. Examine the exhibits if you

4

think it would help you in your deliberations.  As to the videotape and audiotape evidence, you will not have a player in the jury room.  Accordingly, if you would like to have that evidence played again, please give a note to the Court Security Officer outside your jury room, and we will bring you back to the courtroom for that purpose.

Some evidence may be admitted for a limited purpose, and, in this case, defense exhibits 6i and 34 were admitted for the limited purpose of impeaching a witness.  When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## INSTRUCTION NO. 5

### DIRECT AND CIRCUMSTANTIAL: ARGUMENT OF COUNSEL

As stated earlier you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make, and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that a particular defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## INSTRUCTION NO. 6

## CREDIBILITY OF WITNESSES

You are the sole judges of the believability of each witness, and of the importance the testimony of each witness deserves. You should carefully scrutinize all of the testimony of each witness, the circumstances under which the witness testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief.

Consider each witness' intelligence, motive to testify falsely, state of mind, and appearance and manner while on the witness stand.

Consider the witness' ability to observe the matters about which the witness has testified and consider whether the witness impresses you as having an accurate memory of the matters about which the witness testified.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether the discrepancy pertains to a matter of importance or to an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

Consider also any relation each witness might have to or be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. Credibility is not merely choosing between one witness or another.

7

As to each witness you are free to reject all that testimony, accept all that testimony, or as a third alternative reject some part and accept some other part of his or her testimony.

The weight of the evidence is not necessarily to be determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to a fact is more persuasive than that of a greater number of witnesses, or you may find that they are not persuasive at all.

## INSTRUCTION NO. 7

## LAW ENFORCEMENT/GOVERNMENT WITNESSES

In considering the testimony of a witness who is a police officer or agent of the government, you may not give more weight to the testimony of a police officer or agent of the government than you give to the testimony of other witnesses for the mere reason that the witness is a police officer or an agent of the government.

## INSTRUCTION NO. 8

## EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field – one who is called an expert witness – is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

## **INSTRUCTION NO. 9**

## **SEARCHES**

Evidence obtained from any search was properly admitted in this case and may be considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I instruct you that the government's use of this evidence is lawful.

## INSTRUCTION NO. 10

### CHAIN OF CUSTODY

The government has the burden of proving that the evidence offered is what the government claims it is.

## INSTRUCTION NO. 11

### STIPULATIONS

The parties have agreed to certain facts that have been stated to you. This agreement is called a stipulation and you will have a written copy of it, along with the other exhibits. You should therefore treat these facts as having been proved.

## INSTRUCTION NO. 12

## SUMMARY CHARTS

A summary chart has been introduced as a demonstrative aid in this case.

The chart is merely to aid you in understanding the underlying documents and records.

What is important is the underlying evidence. The chart is being offered merely to assist you in organizing some of the evidence.

You should keep in mind that the summary chart presents only the view of the party which introduced it.

A summary chart has no significance if you do not believe the evidence which it purports to summarize.

You are free to exercise your untrammeled judgment upon the worth and weight of the information given in the chart.

## INSTRUCTION NO. 13

## DEMONSTRATIONS OR ILLUSTRATIONS NOT RECEIVED IN EVIDENCE

Certain demonstrations or illustrations have been shown to you in order to help explain the facts disclosed by the testimony or other underlying evidence in the case. The demonstrations or illustrations are used for convenience and to clarify those facts testified to or otherwise placed into evidence. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard them and determine the facts from the testimony and other underlying evidence.

## INSTRUCTION NO. 14

## TRANSCRIPTS AND RECORDINGS

You have heard tape recorded conversations that also displayed transcripts of such conversations. The transcripts also purport to identify the speakers engaged in such conversations. I have allowed the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the tape recordings. However, you are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversation is entirely for you to determine based upon your own evaluation of the testimony you have heard and from your own hearing of the tape recordings. These recordings are the primary evidence of their own contents. If you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent.

## **INSTRUCTION NO. 15**

### **QUESTIONS OR COMMENTS BY THE COURT**

During the trial, I may have asked questions or made comments to counsel or one or more of the witnesses.  You should not infer anything whatsoever from any questions or comments to counsel or the witnesses in this case.  Do not assume that I hold any opinion regarding any part of this case.  You are the sole judges of the facts in this case. With regard to objections made by counsel of either party and the Court's ruling on any such objections, you may not make any inference regarding the Court's rulings.  In making objections, the lawyers are simply doing their job, and you should not consider the fact that objections were made or not made in any way whatsoever.

## INSTRUCTION NO. 16

## DEFENDANT DOES NOT TESTIFY

A defendant has a right not to testify, and the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

The defendant does not have to prove anything whatsoever.

## **INSTRUCTION NO. 17**

## **MULTIPLE COUNTS**

A separate crime or offense is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately.

You must consider each count and the evidence relating to it separate and apart from every other count. You should return a separate verdict as to each count. Your verdict on any count should not control your verdict on any other count.

## **INSTRUCTION NO. 18**

### **SYMPATHY**

You are not to be swayed by sympathy. You are to be guided solely by the evidence in this case. The question you must ask yourselves is: Has the government proved the guilt of the defendant beyond a reasonable doubt?

## INSTRUCTION NO. 19

### PUNISHMENT

The question of possible punishment of the defendant is of no concern to you and should not, in any sense, enter into or influence your deliberations. If the defendant is found guilty, the duty of imposing a sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant if he is convicted to influence your verdict in any way or to enter into your deliberations.

## INSTRUCTION NO. 20

## INVESTIGATIVE TECHNIQUES

There is no legal requirement that the government use any specific investigative technique to prove its case. You should consider all the evidence, or lack of evidence, in deciding whether the government has proven its case. Your concern is whether the evidence which was admitted proves, beyond a reasonable doubt, that the defendant is guilty.

## INSTRUCTION NO. 21

## ON OR ABOUT

The indictment charges that the offense was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## INSTRUCTION NO. 22

## INDICTMENT GENERALLY

With these preliminary instructions in mind, let us now turn to the specific charges against the defendant as contained in the indictment. I remind you that an indictment itself is not evidence. It merely describes the charges made against the defendant. It is an accusation. It must not be considered by you as any evidence of the guilt of the defendant.

You might notice that the indictment counts that will be a part of these instructions use the word "and" in describing the charges, but in my instructions, I will tell you when the government need prove only one thing "or" the other thing. Do not be confused by this -- just go by the instructions that I give you.

In this case, as you know, the indictment charges **four (4)** offenses called "counts" against the defendant.

## INSTRUCTION NO. 23

The indictment in this case charges as follows:

### COUNT 1

THE GRAND JURY CHARGES:

That beginning in or about October 2021, the exact date being unknown to the Grand Jury, and continuing through in or about December 2021, in the District of South Carolina and elsewhere, the defendant, JOHNATHAN C. MCCASLAN, with the intent to harass and intimidate a person, who is known to the grand jury as "KM" used the mail, an interactive computer service, electronic communication service, an electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce to engage in a course of conduct that caused, and would be reasonably expected to cause, substantial emotional distress to "KM".

In violation of Title 18, United States Code, Section 2261A(2)(B).

### COUNT 2

THE GRAND JURY FURTHER CHARGES:

On or about November 9, 2021, in the District of South Carolina and elsewhere, the defendant, JOHNATHAN C. MCCASLAN, did knowingly cause to be delivered by the U.S. Postal Service, according to the directions thereon, a written communication, that is, a letter, addressed to "JS" and "TL" at 318 Rice St., Calhoun Falls, South Carolina, and containing a threat to inflict bodily injury upon "TL."

In violation of Title 18, United States Code, Section 876(c).

### COUNT 3

THE GRAND JURY FURTHER CHARGES:

25

On or about November 8, 2021, in the District of South Carolina and elsewhere, the defendant, JOHNATHAN C. MCCASLAN, did intentionally convey false and misleading information to wit: by authoring a letter containing a threat that the recipient "WILL GET WHATS COMING TO YOU" which was placed in an envelope along with a powdery substance and subsequently mailed to 318 Rice St., Calhoun Falls, South Carolina, under circumstances where such information may reasonably have been believed, that indicated that an activity was taking place, to wit: the unlawful transfer of an agent, toxin or chemical, that would constitute a violation of 18 U.S.C. Chapters 10, 11B, and 113B.

In violation of Title 18, United States Code, Section 1038(a)(1).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

On or about November 9, 2021, in the District of South Carolina and elsewhere, the defendant, JOHNATHAN C. MCCASLAN, did intentionally convey false and misleading information to wit: by authoring a letter containing a threat to make the recipient "PAY FOR WHAT YOU DONE" which was placed in an envelope along with a powdery substance and subsequently mailed to P.O. Box 246, Calhoun Falls, South Carolina, under circumstances where such information may reasonably have been believed, that indicated that an activity was taking place, to wit: the unlawful transfer of an agent, toxin, or chemical that would constitute a violation of 18 U.S.C. Chapters 10, 11B and 113B.

In violation of Title 18, United States Code, Section 1038(a)(1).

26

## INSTRUCTION NO. 24

The statute referenced in Count 1 provides in relevant part that "whoever . . . with the intent to . . . injure, harass, [or] intimidate . . . uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that [] causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a[nother] person . . . shall [be guilty of an offense against the United States.]"

The statute referenced in Count 2 provides in relevant part that "whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing . . . any threat to injure the person of the addressee or of another, shall [be guilty of an offense against the United States.]"

The statute referenced in Counts 3 and 4 provides in relevant part that "whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of" Chapters 10, 11B and 113B of the United States Code, shall be guilty of an offense against the United States.

## INSTRUCTION NO. 25

The Defendant is charged in Count 1 of the Indictment with stalking in violation of Section 2261A(2)(B) of Title 18 of the United States Code. In order for defendant to be found guilty, the government must prove each of the following elements beyond a reasonable doubt:

First:  That the defendant possessed the intent to injure, harass, or intimidate the victim;

Second: That the defendant pursued that intention through a course of conduct that makes use of the mail, any interactive computer service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; and

Third:  That the defendant's conduct in fact caused, attempted to cause, or would reasonably be expected to cause substantial emotional distress to the victim.

## INSTRUCTION NO. 26

Now I will give you more detailed instructions on some of these terms as they relate to stalking.

The first element the government must prove beyond a reasonable doubt is the defendant possessed the intent to injure, harass, or intimidate the victim. "Intent to injure" means to act with the specific intent to harm the physical, emotional, or mental well-being of a particular individual. "Intent to harass" means to act with the specific intent to disturb persistently; to torment, as with troubles or cares; or to bother continually. "Intent to intimidate" means to act with the specific intent to make timid or fill with fear.

"Specific intent" means more than the general intent to commit the act. To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids with the objective of completing that unlawful act. "Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident. Specific intent may be determined from all the facts and circumstances surrounding the case.

The second element the government must prove beyond a reasonable doubt is the defendant pursued the intention to injure, harass, or intimidate through a course of conduct that makes use of the mail, any interactive computer service or electronic communication system of interstate commerce, or any other facility of interstate commerce. A "course of conduct" is defined as a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. The government must establish beyond a reasonable doubt that the defendant engaged in two or more acts which

29

demonstrated a continuity of purpose to cause, attempt to cause, or which would reasonably be expected to cause substantial emotional distress to the victim. You may consider each communication to be a separate act.

In order to find the defendant guilty, you must unanimously agree that the government has proven beyond a reasonable doubt that the defendant engaged in a course of conduct. While you are required to unanimously agree that the defendant engaged in two or more acts evidencing a continuity of purpose in order to find him guilty of the crime charged, you are not required to unanimously agree on which two or more acts constitute the course of conduct.

The government must also prove beyond a reasonable doubt that in pursuing the course of conduct, the defendant made use of the mail, any interactive computer service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce. An "electronic communication service" is any service that provides users the ability to send or receive wire or electronic communications. Transmission of a communication by means of the internet constitutes transportation in a facility of interstate commerce regardless of whether the communication actually crossed a state line. However, you must find beyond a reasonable doubt that the specific communication was actually transmitted by means of the internet.

The third element the government must prove beyond a reasonable doubt is the defendant's conduct in fact caused, attempted to cause, or would reasonably be expected to cause substantial emotional distress to the victim. "Substantial emotional distress" means mental distress, mental suffering, or mental anguish, and includes

depression, dejection, shame, humiliation, mortification, shock, indignity, embarrassment, grief, anxiety, worry, fright, disappointment, nausea, and nervousness, as well as physical pain. When considering whether the intended course of conduct would be reasonably expected to cause substantial emotional distress to the victim, you must consider whether, in light of the evidence presented in this case, a reasonable person in the same or similar circumstances as the victim would suffer substantial emotional distress as a result of the intended course of conduct, as defined in these instructions.

## **INSTRUCTION NO. 27**

The Defendant is charged in Count 2 of the Indictment with mailing threatening communications in violation of Section 876(c) of Title 18 of the United States Code. In order for the defendant to be found guilty, the government must prove each of the following elements beyond a reasonable doubt:

First: that the defendant deposited a communication in any post office or authorized depository for mail, to be sent or delivered by the Postal Service or caused to be delivered by mail;

Second: that the communication contained a threat to kidnap any person or threat to injure the person to whom the letter was addressed or another person; and

Third: that the defendant did so knowingly.

## INSTRUCTION NO. 28

A person causes the mails to be used when one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended.

The government must establish that the defendant intended to send a "true threat."

A communication constitutes a true threat if an ordinary reasonable recipient who is familiar with the context of the communication would interpret the communication as a threat of injury.

The government does not have to prove that the defendant subjectively intended for the recipient to understand the communication as a threat.

The government need not prove intent or ability to carry out the threat.

## INSTRUCTION NO. 29

The Defendant is charged in Counts 3 and 4 of the Indictment with engaging in a prohibited hoax in violation of Section 1038(a)(1) of Title 18 of the United States Code. In order for defendant to be found guilty, the government must prove each of the following elements beyond a reasonable doubt:

First: that the defendant knowingly engaged in conduct with the intent to convey false or misleading information;

Second: that the defendant conveyed information under circumstances in which such information may reasonably have been believed; and

Third: that the information indicated that a violation of biological weapons statute, chemical weapons statute, or weapons of mass destruction statute was taking place or would take place.

## INSTRUCTION NO. 30

Chapter 10 of the United States Code, specifically 18 U.S.C. 175(a), prohibits the possession or transfer of any biological agent or toxin for use as a weapon.

The term "biological agent" means any microorganism (including, but not limited to, bacteria, viruses, fungi, rickettsiae or protozoa), or infectious substance, or any naturally occurring, bioengineered or synthesized component of any such microorganism or infectious substance, capable of causing— (A) death, disease, or other biological malfunction in a human, an animal, a plant, or another living organism; (B) deterioration of food, water, equipment, supplies, or material of any kind; or (C) deleterious alteration of the environment.

The term "toxin" means the toxic material or product of plants, animals, microorganisms (including, but not limited to, bacteria, viruses, fungi, rickettsiae or protozoa), or infectious substances, or a recombinant or synthesized molecule, whatever their origin and method of production, and includes— (A) any poisonous substance or biological product that may be engineered as a result of biotechnology produced by a living organism; or (B) any poisonous isomer or biological product, homolog, or derivative of such a substance.

## INSTRUCTION NO. 31

Chapter 11B of the United States Code, specifically 18 U.S.C. § 229(a), prohibits the possession or transfer of any chemical weapon.

The term "chemical weapon" means the following, together or separately: (A) A toxic chemical and its precursors, except where intended for a purpose not prohibited under this chapter as long as the type and quantity is consistent with such a purpose. (B) A munition or device, specifically designed to cause death or other harm through toxic properties of those toxic chemicals specified in subparagraph (A), which would be released as a result of the employment of such munition or device. (C) Any equipment specifically designed for use directly in connection with the employment of munitions or devices specified in subparagraph (B).

## INSTRUCTION NO. 32

Chapter 113B of the United States Code, specifically 18 U.S.C. § 2332a, prohibits the use or threatened use of a weapon of mass destruction.

The term "weapon of mass destruction" means— (A) any destructive device as defined in section 921 of this title ; (B) any weapon that is designed or intended to cause death or serious bodily injury through the release, dissemination, or impact of toxic or poisonous chemicals, or their precursors; (C) any weapon involving a biological agent, toxin, or vector (as those terms are defined in section 178 of this title ); or (D) any weapon that is designed to release radiation or radioactivity at a level dangerous to human life.

## <u>INSTRUCTION NO. 33</u>

A "reasonable person" is an objectively reasonable person.  The person to whom the information was conveyed may or may not be objectively reasonable persons.  It is for you to decide who is a reasonable person.

## **INSTRUCTION NO. 34**

## **VERDICT**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.

## INSTRUCTION NO. 35

## RETURN OF VERDICT

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then advise the courtroom security officer outside your door that you are ready to return to the courtroom.

## INSTRUCTION NO. 36

## DUTY TO DELIBERATE

In order to return a verdict, each juror must agree to it.

You have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to the individual judgment of each juror.

Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors.

In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it was erroneous.

Each juror who finds himself in the minority should reconsider his views in light of the opinions of the majority, and each juror who finds himself in the majority should give equal consideration to the views of the minority.

**INSTRUCTION NO. 37**

**COMMUNICATIONS WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.