IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR/A No. 8:23-cr-00749-DCC-1 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| J. Christopher McCaslan, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's counseled Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 and Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33. ECF No. 111. For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

On July 9, 2024, Defendant was charged in a four-count Second Superseding Indictment for (1) cyberstalking in violation of 18 U.S.C. § 2261A(2)(B); (2) mailing of a threatening communication in violation of 18 U.S.C. § 876(c); (3) conveying false and misleading information regarding the unlawful transfer of an agent, toxin, or chemical by mailing a letter containing a powdery substance to 318 Rice Street, Calhoun Falls, South Carolina in violation of 18 U.S.C. § 1038(a)(1); and (4) conveying false and misleading information regarding the unlawful transfer of an agent, toxin, or chemical by mailing a letter containing a powdery substance to P.O. Box 246, Calhoun Falls, South Carolina in violation of 18 U.S.C. § 1038(a)(1). ECF No. 74 at 1–3.

Based on the evidence presented by the Government at trial, Defendant and his former spouse, KM, were divorcing at the time of the events giving rise to the indictment. Allegedly, to gain an upper hand in the divorce proceedings, Defendant engaged in the following course of conduct. Defendant informed Officer Jordan Smith that KM's license was suspended and told him when to expect her in town, and Officer Smith subsequently stopped KM for driving under suspension. Defendant reported KM to Calhoun Falls Police Department ("CFPD") Captain Perry Hill for selling a generator which was marital property leading to an interaction between KM and Captain Hill. Following these interactions with law enforcement, Defendant spoke with the officers and learned CFPD Assistant Chief Traeco Hoover planned to seek warrants for KM. However, Defendant later learned the judge had declined to issue warrants. Defendant informed Officer Smith that KM had asked questions about him and his duties at the CFPD. Following these interactions, two threatening letters containing a powdery substance were mailed to Officer Smith and Ms. Tamera Lee's residence at 318 Rice Street, Calhoun Falls, SC and the CFPD at P.O. Box 246, Calhoun Falls, South Carolina. The contents of the letters at first suggested that KM may have been their author. But further review of investigative evidence, including Defendant's DNA on stamps adhered to the letter addressed to 318 Rice Street and KM's unawareness of the warrants being sought against her, indicated Defendant was the true author of the letters.

Around the same time, the South Carolina Board of Nursing sent an email to aparamedic01@hotmail.com, an email address Defendant stipulates belonged to him, requesting a statement from KM pertaining to her nursing license. In response to this

2

email, a letter was sent by U.S. mail to the South Carolina Board of Nursing, purportedly from KM, admitting to various crimes. KM testified at trial she never utilized this email, and other evidence, including handwriting expert testimony, indicated Defendant sent the information packet to the South Carolina Board of Nursing listing his email address, aparamedic01@hotmail.com, as the primary email for KM.

The case proceeded to a jury trial on August 12–15, 2024. The jury returned a guilty verdict on all four counts. ECF No. 106. Defendant filed a written Motion for Judgment of Acquittal, or in the Alternative, for a New Trial on August 29, 2024. ECF No. 111. The Government filed a Response in Opposition on September 5, 2024. ECF No. 112. The Motion is now before the Court.

## II.  APPLICABLE LAW

### A.  Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). "In determining the issue of substantial evidence, the court neither weighs the evidence nor considers the credibility of witnesses." *United States v. Gillion*, CR/A No. 3:10-cr-00834-JFA, 2011 WL 3471485, at *2 (D.S.C. Aug. 8, 2011) (citing *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983)).

To determine whether a defendant meets the "heavy burden" provided under the rule, the question becomes whether "any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010) (quoting *United States v. Bynum*, 604 F.3d 161, 166 (4th Cir. 2010) (internal quotation marks omitted), *cert. denied*, 560 U.S. 977). The court must "view[ ] the evidence in the light most favorable to the government," keeping in mind that "the jury . . . weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *McLean*, 715 F.3d at 137 (quoting *Burgos*, 94 F.3d at 862). If multiple interpretations can be reasonably deduced from the evidence, "the jury decides which interpretation to believe." *See id.* (citing *Burgos*, 94 F.3d at 862). Reversal of a conviction is traditionally required when, regardless of proper jury instructions, "no rational trier of fact could find guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317 (1979) (citations omitted).

**B.  Motion for New Trial**

Federal Rule of Criminal Procedure 33 provides that a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial under Rule 33 must be filed within 14 days of the verdict, except for a claim of newly discovered evidence. Fed. R. Crim. P. 33(b)(2). "When the motion attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). "In deciding a motion for a new trial, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government" and "may evaluate the credibility of

4

witnesses." *Id.* However, a trial court "should exercise its discretion to grant a new trial sparingly," and should grant it "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997) (internal quotation marks omitted)); *see also United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006) (noting "a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it" (quoting *Perry*, 335 F.3d at 320)).

### III.  DISCUSSION

**A. Judgment of Acquittal**

Defendant argues a judgment for acquittal is proper here because there was insufficient evidence on each count of the Second Superseding Indictment to support a jury verdict. ECF No. 111 at 3. The Government contends sufficient evidence existed as to all four counts for a reasonable jury to convict Defendant. ECF No. 112 at 3–8. The Court addresses each count in turn below.

1. <u>Count One: Cyberstalking</u>

A conviction under 18 U.S.C. § 2261A(2)(B) for cyberstalking requires that the defendant (1) "with the intent to . . . injure, harass, [or] intimidate," (2) "uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct" that (3) "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to" the victim or her immediate family. 18 U.S.C. § 2261A(2)(B); *see also United States v. Davis*, No. 5:14-CR-00240, 2017 WL 8293631 (E.D.N.C. Dec. 13, 2017). Defendant challenges whether

sufficient evidence existed for a jury to conclude the Government proved beyond a reasonable doubt that Defendant engaged in a "course of conduct" necessary to sustain a conviction for cyberstalking.  ECF No. 111 at 5.

In this case, the jury convicted Defendant of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B).  ECF No. 106.  The Government presented ample evidence from which the jury could find that Defendant, with intent to injure, harass, or intimidate, engaged in a course of conduct that caused or could reasonably expect to cause substantial emotional distress to the victim in this case, KM.  Specifically, the Government presented the testimony of multiple witnesses and Defendant's own interview statements to show Defendant engaged in a course of conduct including providing Officer Smith with information about the victim's license and whereabouts, drafting and sending the confession letter purporting to be from the victim to Investigator Tracy Adams at the South Carolina Board of Nursing, urging Officers Smith and Hoover to obtain warrants for the victim's arrest, informing Officer Smith that the victim had been asking questions about him, drafting and sending a threatening letter to Officer Smith and Ms. Tamera Lee, and drafting and sending a threatening letter to the CFPD.  In addition, the Government presented forensic evidence—including DNA evidence from the stamp on the letter sent to 318 Rice Street (Officer Smith and Ms. Lee's residence) and handwriting analysis completed on the envelope and information packet sent to the South Carolina Board of Nursing listing Defendant's email address as the primary email for KM—pointing to the Defendant's culpability.

Defendant's arguments that there was also evidence favorable to him presented to the jury does not alter the Court's analysis.  See ECF No. 111 at 4–5.  Even if a

reasonable jury could deduce multiple interpretations of the evidence, this does not mean Defendant has met the "heavy burden" of showing, regardless of proper jury instruction, that "no rational trier of fact could find guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 317; *see also United States v. Johnson*, No. 2:13-CR-00091-4, 2017 WL 2531582 (S.D.W. Va. June 9, 2017), *aff'd*, 820 F. App'x 199 (4th Cir. 2020). The jury, not the reviewing court, decides the weight of the evidence and what interpretation to believe. *United States v. McLean*, 715 F.3d 129, at 137 (4th Cir. 2013). Viewing the evidence in the light most favorable to the Government, the Court finds that sufficient evidence exists to support the jury's verdict finding Defendant guilty beyond a reasonable doubt of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). Accordingly, the motion for judgment of acquittal as to Count I is denied.

2. Counts II: Mailing a Threatening Communication

18 U.S.C. § 876(c) provides, in pertinent part: "Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication . . . addressed to any other person and containing . . . any threat to injure the person of the addressee or of another." Thus, a conviction under 18 U.S.C. § 876(c) requires three elements: "first, that the accused caused a communication to be delivered by the Postal Service, addressed to any other person . . . ; second, that the communication contained a threat to injure the person of the addressee or another . . . ; and, third, that the defendant knowingly mailed the threatening communication . . . ." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011) (citing 18 U.S.C. § 876(c); *United States v. Bellrichard,* 62 F.3d 1046, 1050 (8th Cir.1995)).

Defendant argues that "any reasonable juror would hesitate to act in concluding that the Government proved beyond a reasonable doubt that the communication was 'addressed to' another person necessary to sustain a conviction" because the letter did not list a person's name on the envelope, had no salutation, contained no proper names, and did not otherwise designate a named recipient.  ECF No. 111 at 5–6.  However, the Fourth Circuit has found that a jury is entitled to consider not only the envelope and salutation to determine to whom a communication is "addressed" but may also consider the "contents" of the letter.  *Rendelman*, 641 F.3d at 48. The Government presented evidence in the form of the letter itself, which made references to KM's interactions with the residents of the mailing address (Officer Smith and Ms. Lee) as well as Ms. Lee's testimony that based on the contents and references within the letter she believed it was addressed to her and Officer Smith.  Thus, the Court, viewing the evidence in the light most favorable to the Government, finds a rational trier of fact considering this evidence could deduce from the contents of the letter the person or persons to whom the letter was addressed, even though the letter may not have been explicitly addressed to a particular individual by name.

Although Defendant does not challenge whether there was sufficient evidence presented by the Government as to the other elements, the Court nevertheless finds sufficient evidence was presented from which a rational trier of fact could find guilt beyond a reasonable doubt on the other elements as well.  The Government presented evidence including postal employees' testimony about the letter being in the mail stream and being delivered to 318 Rice Street and the letter itself contained a threat to beat up an individual, Ms. Lee, when she worked with the letter's author again. Viewing the evidence in the light

most favorable to the Government, the Court finds that sufficient evidence exists to support the jury's verdict finding Defendant guilty beyond a reasonable doubt of mailing a threatening communication in violation of 18 U.S.C. § 876(c). Accordingly, the motion for judgment of acquittal as to Count II is denied.

3. <u>Counts III & IV: Sending Hoax Letters Concerning Unlawful Transfer of an Agent, Toxin, or Chemical Weapon</u>

A conviction under 18 U.S.C. § 1038(a)(1) for conveying false and misleading information regarding the unlawful transfer of an agent, toxin, or chemical weapon requires (1) that the defendant knowingly engaged in conduct with the intent to convey false or misleading information; (2) that the defendant conveyed information under circumstances in which such information may reasonably have been believed; and (3) that the information indicated that a violation of biological weapons statute, chemical weapons statute, or weapons of mass destruction statute was taking place or would take place. *See* 18 U.S.C. § 1038(a)(1). The statute specifically provides "[w]hoever engages in *any conduct* with intent to *convey false or misleading information under circumstances* where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of" certain weapons statutes, including one prohibiting the use or threat of unlawful transfer of an agent, toxin, or chemical weapon, commits a crime. *See id*. (emphasis added).

Defendant contends that because the two letters underlying the charges against him in the indictment contained only a powdery substance and the letters themselves did not indicate violation of the weapons statute or discuss the powder at all, no rational trier

9

of fact considering this evidence could find the mailings constituted a violation of the federal weapons statute.  ECF No. 111 at 8.  In essence, Defendant argues the mere act of including a powdery substance in a threatening letter that otherwise makes no mention of the substance or of use of a biological agent, toxin, or chemical weapon is insufficient to prove beyond a reasonable doubt that a reasonable person might believe the letter and its contents constituted a threat in violation of 18 U.S.C. § 1038(a)(1).  The Court disagrees.

The Government presented evidence of two separate letters, both of which were sent to law enforcement, containing threatening messages and a powdery substance.  Again, the Court's review is highly deferential to the Government and limited to whether the jury's verdict was rational, not whether the Court believes it to be correct.  *MacCloskey*, 682 F.2d at 473; *Hickman*, 626 F.3d at 763.  The jury, not the reviewing court, decides the weight of the evidence and what interpretation to believe.  *United States v. McLean*, 715 F.3d 129, at 137 (4th Cir. 2013).  Here, the statute does not require a defendant to make specific or explicit statements or threats but rather focuses on a defendant's *conduct* and the *circumstances* of such conduct.  *See* 18 U.S.C. § 1038(a)(1).  While the threatening messages did not specifically reference to the powdery substance itself, *under the totality of the circumstances* Defendant's *conduct* of including the powdery substance in a threatening letter to law enforcement is sufficient evidence to support the jury's determination that a reasonable person could believe that Defendant intended to convey the specific presence of a weapon, in the form of an agent, toxin, or chemical, in the letters.  *See United States v. Stallings*, No. 19-11300, 2023 WL 3534445, at *3 (5th Cir. May 18, 2023) (affirming the district court's denial of the defendant's motion

for acquittal because there was sufficient evidence for the jury to find the defendant's conduct of simply leaving a bag in a bank where he had previous conflicts without making any indication of what the bag may have contained indicated a threat in violation of 18 U.S.C. § 1038(a)(1)); *United States v. Santiago*, No. 15-cr-892, 2016 WL 954819, at *2 (S.D.N.Y. Mar. 11, 2016) (denying the defendant's motion for reconsideration because a jury could reasonably conclude a hostile letter sent to the IRS containing a white powdery substance was conduct violating 18 U.S.C. § 1038(a)(1), even where the notice contained no false statement that an attack was occurring). Indeed, here the evidence reflects that the recipients understood the contents to be so potentially hazardous that the state bomb squad was activated.

Viewing the evidence in the light most favorable to the Government, the Court finds that sufficient evidence exists to support the jury's verdict finding Defendant guilty beyond a reasonable doubt of conveying false and misleading information regarding the unlawful transfer of an agent, toxin, or chemical weapon by mailing a letter containing a powdery substance to 318 Rice Street, Calhoun Falls, South Carolina and P.O. Box 246, Calhoun Falls, South Carolina in violation of 18 U.S.C. § 1038(a)(1). Accordingly, the motion for judgment of acquittal as to Count III and Count IV is denied.

**B. Motion for New Trial**

For these same reasons, the Court finds that Defendant's Motion for New Trial must be denied. Even applying the Court's broader authority of review under Federal Rule of Criminal Procedure 33 and evaluating the credibility of the witnesses that testified at trial, the Court finds that the record, as set forth above, demonstrates that the Government put forth sufficient evidence to support Defendant's conviction. Accordingly,

this is not a "rare circumstance" where evidence weighs heavily against the jury's verdict requiring the Court to grant a new trial.  *See Smith*, 451 F.3d at 217.  Accordingly, Defendant's Motion for New Trial is denied.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment of Acquittal, or in the Alternative, for a New Trial [111] is **DENIED**.

IT IS SO ORDERED.

                                                           s/ Donald C. Coggins, Jr.
                                                           United States District Judge

October 11, 2024
Spartanburg, South Carolina